UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MELBA MALETA                              CIVIL ACTION

VERSUS                                    NO: 07-7605

STANDARD FIRE INSURANCE                   SECTION: "J" (5)
COMPANY, ET AL.

**ORDER AND REASONS**

Before the Court is Plaintiff's Motion to Remand (Rec. Doc. 5). For the reasons below, Plaintiff's motion is **DENIED**.

**BACKGROUND**

This is a lawsuit arising out of damage suffered to property following Hurricane Katrina. Plaintiff filed, suit in state court in Jefferson Parish seeking renumeration for damage to her home. Consistent with LA. CODE CIV. P. art. 893, Plaintiff did not assert a specific dollar amount in her pleadings. Defendant removed the case on the basis of diversity of jurisdiction. Plaintiff's motion to remand avers that Defendant has failed to prove that the amount in controversy exceeds $75,000.

**DISCUSSION**

Because Louisiana law prohibits a plaintiff from claiming a

specific dollar figure in its petition, the Fifth Circuit has set forth a clear analytical framework for courts to follow when determining the amount in controversy for cases removed from Louisiana state courts.

A removing defendant is required to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000). The defendant may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000 or (2) by setting forth the facts in contrversy that support a finding of the requisite amount. *Luckett. v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). Once a defendant has met this burden, in order to prevail on a motion to remand a plaintiff must prove to a legal certainty that the amount in controversy does not reach $75,000. *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869-70 (5th Cir. 2002).

Plaintiff in this case, claims that the Defendant has not proved that the amount in controversy exceeds the requisite amount. Therefore the Plaintiff claims that the case must be remanded. Defendant indicates that it is not required to bring forth evidence proving that the amount in controversy has been met when it is facially apparent that the complaint is in excess

of $75,000.

Defendant avers that the policy limits are $453,000. It is not clear if the Defendant has tendered any amount to the Plaintiff. However, it is known that the Plaintiff filed suit because the defendant "failed to tender satisfactory payment" to Plaintiff. Furthermore, Plaintiff reported to the Defendant that he saw "chest high flood waters" in the vicinity of the insured property. Because standard insurance policies do not include flood insurance, it can be assumed that Defendant believes that at least some of the damage to the property was caused by flood, a non covered peril. Plaintiff also claims penalties and damages under La. Rev. Stat. Ann. §§ 22:658 and 22:1220. Such statutes call for penalties that could equal 50% of damages, bringing the total in controversy well above $500,000.

Therefore it seems facially apparent that the amount in controversy exceeds $75,000. Even if it is not facially apparent, the Defendant has come forward with evidence in the form of affidavits attached to its memorandum in opposition (Rec. Doc. 8) which indicate that the amount in controversy exceeds the requisite amount. While it is preferable that the defendant provide such information in its petition for removal, the Fifth Circuit specifically allows such evidence to be presented by affidavit at a later time. *See Luckett*, 171 F.3d at 298 (*citing*

*Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).  Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Remand (Rec. Doc. 5) is **DENIED**;

**IT IS FURTHER ORDERED** that oral arguments on the motion are **CANCELLED**.

New Orleans, Louisiana this the 7th day of January, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE